Opinion filed June 26, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed June 26,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00312-CR

                                                    __________

 

                                     JON PAUL DENMAN, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                           On
Appeal from the 2nd District Court

 

                                                       Cherokee
County, Texas

 

                                                    Trial
Court Cause No. 16090

 



 

                                            M
E M O R A N D U M    O P I N I O N

The
jury convicted Jon Paul Denman of delivery of cocaine in the amount of four or
more grams but less than two hundred grams and assessed his punishment at
confinement for five years.  We affirm.

There
is no challenge to the sufficiency of the evidence.  The record reflects that,
under direction of the Dogwood Trails Narcotics Task Force, Chris Martinez
arranged to purchase, and did in fact purchase, 15.32 grams of crack cocaine
from appellant. The buy was made on property that appellant owned.  Prior to
making the buy, law enforcement officers fitted Martinez with a recording
device and used it to record the transaction.  The recording was introduced
into evidence over appellant=s
objection.








In
his sole issue, appellant contends that the trial court erred when it overruled
his objection to the admission of the Task Force=s
surveillance video of the transaction.  Appellant contends that the Asurreptitious@ video taken by a Acooperating individual@ constituted an illegal
search and violated his federal and state constitutional rights as well as his
state statutory rights.  Appellant acknowledges that the issue is Areally a question of degree@ as to how Afar@ law enforcement officers may Aoperate.@  Appellant asks this court
to extend the holding in Kyllo v. United States, 533 U.S. 27 (2001), to
the facts of this case.

As
appellant acknowledges, Kyllo is factually distinguishable from the facts
of his case.  In Kyllo, a confidential informant or Acooperating individual@ did not arrange to
purchase a controlled substance.  Instead, U.S. Department of the Interior agents
used a thermal-imaging device to detect infrared radiation not visible to the
naked eye that would be emitted from the high-intensity lamps Kyllo would be
using if he was growing marihuana inside his home as agents suspected.  The
Court held that the use of the Thermovision imaging was an unlawful search  of
Kyllo=s home and
emphasized its holding in Payton v. New York, 445 U.S. 573, 590 (1980),
that Athe Fourth
Amendment draws >a
firm line at the entrance to the house.=@  Kyllo, 533 U.S. at
40.  In the present case, the sale of crack cocaine took place in Athe club@ on 22.8 acres that
appellant owned and where his brother was Astaying.@

We
decline to extend the holding in Kyllo to the facts of this case. 
Appellant has not established that the trial court erred in overruling his
objection to the recording.  The issue is overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

June 26, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.